Virginia **KENNEDY**,
Plaintiff–Appellant,

v.

**PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, and Robert J. Scott, as Executive Director of the Public Employees' Retirement Association of Colorado, Defendants–Appellees.**

No. 87CA1136.

Colorado Court of Appeals.
Div. I.

Dec. 22, 1988.

As Modified on Denial of Rehearing
Jan. 19, 1989.

Butler, Landrum & Pierce, P.C., Robert G. Pierce, Lakewood, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for defendants-appellees.

MARQUEZ, Judge.

Plaintiff, Virginia Kennedy (Kennedy), appeals a judgment of the trial court affirming the decision of the Public Employees' Retirement Association of Colorado (PERA) that the plaintiff failed to file a timely application for PERA disability benefits. We reverse and remand.

Kennedy was employed as a cook by the Wheat Ridge Regional Center, Division for Developmental Disabilities, Department of Institutions (Wheat Ridge) continuously from October 1, 1979, until January 11, 1985, when she was injured on the job.

On July 17, 1985, Janet Dawson, personnel director at Wheat Ridge, informed Kennedy by letter that all of her sick and annual leave was exhausted and that because of her physical disability, she was unable to perform her duties, and she was being "laid off effective 7/10/85." The letter also stated that her reemployment rights extended two years from the date of lay-off, and that upon evidence of full recovery her name would be placed on the reemployment list for the time remaining in the two-year reemployment period. Dawson further advised Kennedy to contact PERA for information concerning disability retirement or account refund.

Kennedy's unrebutted testimony before the Administrative Review Panel was that she called the PERA office and talked to a person who said "that if I was to—the doctor was going to release me to go back to work then *I would not be eligible to apply for disability.*" (emphasis added) Kennedy made no further efforts at that time to apply for disability benefits.

During the time Kennedy was off work she underwent rehabilitation therapy, as she and her physician, Dr. Thomas Lowe, contemplated that she might eventually be able to return to full employment at Wheat Ridge. On September 23, 1985, Dr. Lowe released Kennedy to return to work, and she resumed work at Wheat Ridge on November 21, 1985.

On December 9, 1985, Dr. Lowe determined that Kennedy was no longer able to do the work that she had done before and thus recommended lighter employment. Because of this determination, Wheat Ridge terminated Kennedy on the same date.

Kennedy contacted PERA and applied for disability retirement benefits on or about January 9, 1986. On January 14, 1986, PERA wrote to Kennedy informing

her that because its records showed a break in membership from July 1985 through November 1985, PERA required documentation to prove that she was on certified leave of absence during that time. The letter listed among the types of records acceptable to prove that the "employer did not consider you terminated," a statement from the employee's personal physician to the employer giving prognosis for return to employment.

On January 23, 1986, Dawson wrote to PERA stating that Kennedy's name was put on the reemployment list so that when she recovered she would return to work "with her service date adjusted to show her time loss (i.e. LWOP [Leave Without Pay] status)" and stating Dawson's opinion that Kennedy should qualify for application of a disability retirement. Attached to the letter were statements from Dr. Lowe.

On February 5, 1986, PERA informed Wheat Ridge and Kennedy that she was not eligible to file for disability retirement because she was not on a certified leave of absence and had a break in PERA membership of over 90 days.

On March 7, 1986, Dawson again wrote to PERA stating that Wheat Ridge had corrected its records to show that Kennedy "was on Leave Without Pay from 7/11/85, to her return from Leave Without Pay on 11/21/85," and that her layoff date due to physical disability was December 9, 1985.

After a hearing in November 1986, the Administrative Review Panel found that Kennedy was laid-off on July 11, 1985, and placed on the department's reemployment list; that Wheat Ridge first notified PERA that Kennedy was on leave of absence on March 7, 1986; that Kennedy was rehired by Wheat Ridge and reentered PERA coverage on November 21, 1985; that this employment terminated on December 9, 1985; and that "if petitioner did speak to someone at PERA, the advise [sic] she received would have been predicated on information she supplied which may or may not have been correct."

The panel concluded that the state reemployment list does not constitute a leave of absence; that Kennedy was not placed on a timely leave of absence by Wheat Ridge and, therefore, was not on leave of absence; that Kennedy's membership was terminated in 1985 for a period longer than 90 days, constituting a break in membership; that Kennedy does not meet the required five years of service credit since the latest date of becoming a member; that, therefore, she is not eligible to apply for disability retirement benefits; and that PERA is not precluded from refusing to accept Kennedy's untimely application.

The panel thus recommended that the PERA board uphold its previous denial and that Kennedy be denied for disability retirement. The PERA board adopted this recommendation as its final decision.

Upon judicial review, the trial court found that competent evidence existed in support of the PERA board's decision and entered its order affirming the decision.

Kennedy contends that the trial court erred in upholding PERA's decision that she failed to file a timely application for disability retirement benefits. We agree.

In cases involving judicial review of agency actions, the court must determine all questions of law and interpret the statutory provisions involved and must apply such interpretations to the facts established; and if the court finds that the agency action is in excess of statutory authority or is otherwise contrary to law, then the court must set aside the agency action and compel such action to be taken as has been unlawfully withheld, and remand the case for further proceedings. Section 24-4-106(7), C.R.S. (1988 Repl.Vol. 10A). This standard for review also applies to appellate review by this court. Section 24-4-106(11)(e), C.R.S. (1988 Repl.Vol. 10A).

Since the events under consideration here occurred in 1985 and 1986, any later legislative changes to the Public Employees' Retirement Systems Act (the Retirement Act), § 24-51-101, et seq., are not addressed.

Colo.Sess.Laws 1979, ch. 249, § 24–51–115 at 955 of the Retirement Act, in effect at the times pertinent here, provided as follows:

"Any member or former member of the public employees' retirement association may be eligible for a disability annuity if he: Applies within ninety days from the date of *termination* of his employment; ... [and] has at least five years of actual *service credit* since the latest date of becoming a member...." (emphasis added)

PERA concedes that disability retirement benefits are available to PERA members who meet these conditions. PERA argues, however, that Kennedy was terminated by Dawson's letter of July 17, 1985, and that her January 1986 application was not made within 90 days of the "termination." Wheat Ridge's ultimate characterization of its actions in July 1985 is that it was granting Kennedy leave without pay.

The determinative issue here is whether PERA or Wheat Ridge is to determine how and when an employee is terminated or placed on leave without pay. We conclude that this determination lies with Wheat Ridge.

PERA correctly contends that under the Retirement Act it has the statutory authority to determine who is eligible for disability retirement benefits. In doing so, however, PERA must satisfy itself as to the actual date an employee was terminated or, alternatively, placed on leave without pay.

"Termination" was not defined in either the Retirement Act or in the State Personnel System Act, § 24–50–101, et seq., C.R.S. (1988 Repl.Vol. 10B). However, Colo. Const. art. XII, § 14, and the State Personnel System Act make clear that the authority to promulgate rules affecting employees is vested in the State Personnel Board and that the State Personnel Director is to administer the personnel system under the constitution and laws enacted pursuant thereto and the rules adopted by the State Personnal Board. *See Colorado Ass'n of Public Employees v. Lamm*, 677 P.2d 1350

(Colo.1984). Also, pursuant to § 24–50–120, C.R.S. (1988 Repl.Vol. 10B), the Personnel Board is given the authority to promulgate rules governing the granting of leaves of absence.

Personnel Rule 6–2–5, 4 Code Colo.Reg. 801(11–79), provides in pertinent part as follows:

"When an employee has exhausted all accrued sick/health leave, then annual leave, and is unable to return to work because of ... injury, the *appointing authority may* either terminate the employee, request resignation of the employee, or grant the employee sick/health leave without pay...." (emphasis added)

PERA Rule 30.701, 8 Code Colo.Reg. 1502–1(12–84), concerning leaves without pay, provides as follows:

"For purposes of this rule, leaves without pay are categorized into two general types: ... (2) Absences in which the employee is off the employer's payroll for one month or more.

. . . .

The member whose leave belongs in the second category must have official certification of leave *by his employer*, which shall be submitted to PERA within 90 days of the start of such leave. A leave certification received subsequent to a properly filed application for refund shall not be acceptable.

In the event a leave of absence is not properly certified pursuant to Rule 30.-701, notification of such leave shall be considered timely if records or minutes are furnished PERA which *show* that the *employer* officially granted the member leave within 90 days of the date from which the leave began." (emphasis added)

Thus, Personnel Rule 6–2–5 provides that the *appointing authority, i.e.,* Wheat Ridge, terminates or grants leave without pay and PERA Rule 30.701 provides that PERA is to look to the *employer's* records

for certification or granting of leave. PERA concedes that Kennedy's employment relationship is governed by the State Personnel System and Rule 30.701 means simply that there must be proof that a leave was granted pursuant to the rules of the Personnel Board.

PERA has not cited any personnel rule which requires the appointing authority to take action within any particular period or that precludes the appointing authority from changing its records to reflect its actions more accurately. PERA, nevertheless, undertook a construction of the State Personnel System Rules under which it concluded that there was no leave of absence granted to Kennedy in July 1985.

We read PERA Rule 30.701 to mean that, for purposes of the rule, the employer's records must *show* that the employer actually granted leave within 90 days, but that the rule does not preclude later correction of such records to reflect the employer's intent. We find no 90-day requirement similar to 30.701 within the PERA statutory scheme.

Thus, when Wheat Ridge ultimately corrected its earlier correspondence to reflect its intention to place Kennedy on leave without pay, it was acting within its authority and such action is binding on PERA.

Furthermore, the record reveals Kennedy's actions to be consistent with a status of leave without pay in July 1985. She contemplated return to work; she took no further action to apply for disability benefits after speaking to the PERA employee; her testimony about the statement by the PERA employee is unrebutted; and she returned to work when released by her doctor.

Kennedy has complied with PERA's letter of November 1985 by providing a letter from her personal physician. She has also provided records from Wheat Ridge *showing* her status of leave as of July 1985. That the employer did not use acceptable terminology in its initial correspondence in July 1985 should not preclude an applicant from receiving PERA benefits.

We conclude that when PERA determined, in spite of Wheat Ridge's determination to the contrary, that Kennedy had been terminated in July 1985, it acted outside the scope of its authority and contrary to law. Consequently, we cannot approve of the decision adopted by the PERA board.

The judgment of the district court affirming the action of the PERA board is reversed, and the cause is remanded with directions that the order of the PERA board be vacated and the matter be remanded to that entity with instructions that Kennedy's application be considered as timely filed.

PIERCE and HUME, JJ., concur.